United States District Court
for the
Southern District of Florida

| | |
|---|---|
| GS Holistic, LLC, Plaintiff, <br><br> v. <br><br> SAM 2016 Inc., aka South Beach Vapor & Smoke Shop, and Don Sibai, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 22-20855-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

## Order

This matter is before the Court on Plaintiff GS Holistic, LLC's motion for an extension of time to serve Defendants SAM 2016 Inc., also known as South Beach Vapor & Smoke Shop, and Don Sibai (Pl.'s Mot., ECF No. 12.) No response was filed. Having reviewed the motion, the record, and the applicable law, the Court **grants in part and denies in part** GS Holistic's motion. (**ECF No. 12**.)

A plaintiff must serve the defendant with a summons and a copy of the complaint within ninety days after filing the complaint. Fed. R. Civ. P. 4(c)(1) & 4(m). In this case, GS Holistic filed the complaint on March 22, 2022, and service was required by **June 21, 2022**. GS Holistic says it has attempted to serve the Defendants over ten times, at the store out of which the corporate defendant apparently operates. (Mot., ¶ 3, ECF No. 12.) If a plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Since GS Holistic has attempted to perfect service on multiple occasions but has been unsuccessful due to the shop's being closed and no one inside—factors outside of GS Holistic's control—GS Holistic has established that good cause exists for the failure to serve by the June 21 deadline. Accordingly, the Court affords GS Holistic an additional 60 days, until **August 20, 2022**, to perfect personal service upon the Defendants.

Within its motion, GS Holistic also requests that, if it is unable to personally serve the Defendants within the next thirty days, it should be permitted to effect service by publication. (Pl.'s Mot. ¶ 4.) The Court will not order substituted service on Defendants by publication. While service by publication is permissible in certain limited cases, *see* Fed. R. Civ. P. 4(e)(1) and Fla. Stat. § 49.011, GS Holistic fails to offer any support or even argument that it is warranted in this case. Moreover, a plaintiff requesting service by publication must submit a sworn statement explaining, among other things, that despite a diligent "search and inquiry" to discover the defendant's residence, the defendant's whereabouts are unknown. Fla. Stat. §§ 49.031, 49.041. GS Holistic

has failed to comply with these requirements. Accordingly, the Court denies GS Holistic's request to serve the Defendants by publication.

**Done and ordered** in Miami, Florida, on June 28, 2022.

_____
Robert N. Scola, Jr.
United States District Judge