United States District Court
or the
Southern District of Florida

| | |
|---|---|
| GS Holistic, LLC, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-20855-Civ-Scola |
| SAM 2016 Inc., aka South Beach Vapor & Smoke Shop, and Don Sibai, Defendants. | ) ) ) ) |

### Order Denying Motion to Dismiss

Plaintiff GS Holistic, LLC seeks to recover damages from Defendants SAM 2016 Inc., aka South Beach Vapor & Smoke Shop (the "Smoke Shop"), and Don Sibai for selling counterfeit versions of its trademarked portable vaporizers (commonly known as vape pens). (Compl., ECF No. 1.) In response, the Defendants have filed a motion to dismiss, complaining that the Court lacks personal jurisdiction over them; the allegations fail to state a claim against Sibai, in his individual capacity; GS failed to attach indispensable documents to its complaint; and GS failed to join an indispensable party. (Defs.' Mot., ECF No. 18.) GS has responded (Pl.'s Resp., ECF No. 19) but the Defendants have not replied and the time to do so has passed. Having reviewed the briefing, the record, and the relevant legal authorities, the Court **denies** the motion (**ECF No. 18**).

1. **Legal Standard**

    A. **Personal Jurisdiction**

    Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. "A court must dismiss an action against a defendant over which it has no personal jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1323-24 (M.D. Fla. 2011). To withstand a motion to dismiss, the plaintiff must plead sufficient facts to establish a prima facie case of jurisdiction over the defendants. *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir. 2010). The court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendants' affidavits. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). If the defendants sustain their burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate the jurisdictional allegations in the complaint by affidavits, testimony, or other evidence of its own. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). The plaintiff must do

more than "merely reiterate the factual allegations in the complaint." *Id.* (quoting *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991)). Where the evidence conflicts, however, the district court must construe all reasonable inferences in favor of the plaintiff. *See PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010). "If such inferences are sufficient to defeat a motion for judgment as a matter of law, the court must rule for the plaintiff, finding that jurisdiction exists." *Id.*

### B. Failure to State a Claim

A court considering a motion to dismiss, filed under Rule 12(b)(6), must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqubal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 2. Analysis

### A. The Court has personal jurisdiction over the Defendants.

The Defendants maintain that GS "fails to allege the most basic allegations relating to personal jurisdiction over the Individual Defendants." (Defs.' Mot. at 2.) As the Defendants describe it, GS's complaint fails to establish personal jurisdiction because it fails to supply facts supporting its conclusory allegations that Sibai resides in Florida and that the Defendants regularly conduct and solicit business in Florida. (*Id.*) The Defendants' position is wholly meritless.

GS's allegations are clearly sufficient to establish the Court's jurisdiction over the Defendants. As set forth in the complaint, the Defendants—both Sibai and his company, the Smoke Shop, conduct business out of their store in Miami Beach, Florida. (Compl. ¶¶ 3–4, 6–7, 24, 29–32, 34–48.) Indeed, the Smoke Shop is incorporated in Florida and has its principal place of business in Florida. (*Id.* ¶ 6.) Sibai himself resides in Florida. (*Id.* ¶ 3.) The Defendants have not come forward with any allegation, never mind evidence, that undermines these basic and straight-forward allegations. Without more, the Court has personal jurisdiction over both Defendants. *See Daimler AG v. Bauman*, 571 U.S. 117, 137

(2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.") (cleaned up); *see also ripKurrent LLC v. Richard Ballard IRA LLC*, 530 F. Supp. 3d 1281, 1290 (S.D. Fla. 2021) (Ruiz, J.) ("If the plaintiff alleges sufficient facts to make out a prima facie case of jurisdiction, the burden shifts to the defendant to make a prima facie showing that the court lacks personal jurisdiction."); *Consol.*, 216 F.3d at 1291 ("We must accept the allegations in the complaint as true, to the extent that they are uncontroverted by the Defendant's affidavits and depositions, and must construe all reasonable inferences in favor of the Plaintiff.").

### B. GS need not pierce the corporate veil to hold Sibai liable for trademark infringement.

The Defendants also contend that Sibai cannot be held individually liable absent allegations sufficient to pierce the corporate veil. This is incorrect. "Natural persons, as well as corporations, may be liable for trademark infringement under the Lanham Act if, as a business entity's agent, an individual actively caused the infringement, as a moving, conscious force." *ADT LLC v. Alarm Prot. Tech. Florida, LLC*, 646 Fed. Appx. 781, 787–88 (11th Cir. 2016) (cleaned up). That is, "a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil." *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994).

Here, GS's allegations sufficiently show that Sibai, as the Smoke Shop's agent, was a "moving, conscious force" in causing the infringement. GS says Sibai "owned, managed, and/or operated [the Smoke Shop]," regularly exercising his authority to "purchase products for resale [and] decide which products the Smoke Shop offered for sale." (Compl. ¶ 7.) GS also specifically alleges that Sibai personally sold the infringing products at his store. (*Id.* ¶¶ 23–24, 42–47.) In sum, GS need not pierce the corporate veil to hold Sibai personally liable under the Lanham Act.

### C. The Defendants have not shown that the complaint fails to state a claim.

Without any detail or specifics, the Defendants also contend the complaint fails to state a claim against Sibai because the allegations lump both Defendants together, failing to specify which Defendant is responsible for which acts. As an initial matter, the Defendants fail to make any real attempt to flesh out this argument, neglecting to cite any supportive legal authority or reference any specific alleged defects within the complaint. *See W. Sur. Co. v. Steuerwald*, 760 F. App'x 810, 817–18 (11th Cir. 2019) (finding that "the onus is upon the parties

to formulate arguments" and that "a party must do more than merely raise the issue in a perfunctory manner, without supporting arguments and citation to authorities") (cleaned up). Further, having reviewed the complaint, the Court finds that, where the complaint groups the two Defendants together, it "can be fairly read to aver that [both] defendants are responsible for the alleged conduct." *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000). The Court interprets GS's allegations against both Defendants to mean that GS has a good faith belief that both Defendants were equally or coextensively responsible for the alleged conduct.

In similar perfunctory fashion, the Defendants submit that the complaint fails because GS did not "attach any copies of its purported federal trademark registrations, or the copy of the alleged 2016 assignment from Grenco Science to GS Holistic LLC . . . or any documents or pictures from its investigator of the allegedly infringing product." (Defs.' Mot. at 3.) Once again, the Defendants' presentation is devoid of any legal support or substance. "Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk." *Sideridraulic System SpA v. Briese Schiffahrts GmbH & Co. KG*, No. 10-0715, 2011 WL 3204521, at *2 (S.D. Ala. July 26, 2011) (cleaned up). "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point." *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) (Posner, J.). In short, the Court will not do a party's research for it and, without more, finds the Defendants' position is wholly lacking.

### D. Neither dismissal of the complaint nor joinder is warranted under Federal Rule of Civil Procedure 19.

The Defendants contend two other entities are indispensable parties who must be joined to this litigation. They explain that they purchased the Smoke Shop's inventory from a predecessor entity, South Beach Vapor Inc. in 2016, and that Vapor Inc. had, in turn, purchased the allegedly infringing products from a wholesaler, H&H Distributor. Accordingly, say the Defendants, both Vapor Inc. and H&H are necessary parties. (Defs.' Mot. at 2, 6–9.) The Defendants' argument is lacking.

In determining whether a party is indispensable under Rule 19, a court must first determine whether, under the standards of Rule 19(a), the proposed party is one who should be joined if feasible. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003). If so, but the party cannot actually be joined (because, for example, joinder would divest the court of jurisdiction), then the court must evaluate whether, under the standards of Rule 19(b), the litigation may nonetheless continue. *Id.*

"In making the first determination—i.e., whether the party in question should be joined, pragmatic concerns, especially the effect on the parties and the litigation, control." *Id.* (cleaned up). A party will satisfy this assessment if (A) the court determines that "in that person's absence, the court cannot accord complete relief among existing parties"; or (B) if complete relief can be afforded, the absent party "claims an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(A)–(B). If the absent party claims an interest in the action, then it must also be shown that the absent party "is so situated that disposing of the action in [that party's] absence may" either (i) "impair or impede [the absent party's] ability to protect the interest"; or (ii) "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(i)–(ii).

As to the first factor, the Defendants have not carried their burden of showing that complete relief cannot be granted among the present parties. Instead, they merely proffer that they believe H&H "sourced the branded products at issue and made them available for sale." (Defs.' Mot. at 6–7.) Based on H&H's purchase, the Defendants surmise that H&H "likely has information as to the source of the allegedly infringing products and prior sales of the same products." (*Id.* at 8.) Accordingly, they say, H&H may have some potential liability in sourcing the products, and selling them to Vapor Inc., and, therefore, complete relief cannot be afforded absent H&H's joinder. (*Id.*) The Defendants also posit that it's possible H&H might have received a license for its purchase of the products which, say the Defendants, would mean the Defendants themselves are "authorized licensee[s]." (*Id.*) Once again, the Defendants cite no supporting legal authority for their theories of indispensability.[1] Nor have they provided any evidence supporting their bare assertions of H&H and Vapor Inc.'s potential association with this case, never mind an actual interest in the subject of the action as would be required under the second factor.

Further, GS has chosen to seek relief against the Defendants for their sale of products infringing GS's trademark. As the plaintiff, GS "need not join all the parties against whom it may have a cause of action into one suit; the plaintiff is free to exclude potential defendants if they are jointly liable." *Sream, Inc. v.*

---

[1] Curiously, the Defendants quote a case for the proposition that that "[a]n owner/licensor or of a trademark is, pursuant Rule 19, required as a necessary party in actions concerning those rights to allow the Court to accord complete relief and to avoid the risk of multiple or inconsistent obligations or repetitive litigation arising from the same facts." (Defs.' Mot. at 8 (quoting *Marrero Enterprises of Palm Beach, Inc. v. Estefan Enterprises, Inc.*, 06-81036-CIV, 2007 WL 4218990, at *2 (S.D. Fla. Nov. 29, 2007) (Marra, J.).) Since there is no allegation that either H&H or Vapor Inc. was either an owner or licensor for the trademark at issue here, the relevance of this authority is unclear.

*Panama Kristi's Smoke Shop, LLC*, 18-14154-CIV, 2018 WL 10337331, at *2 (S.D. Fla. Dec. 13, 2018) (Marra, J.) Nothing about H&H or Vapor Inc.'s involvement in the supposed chain of sale of the infringing products renders them indispensable parties.

### 3. Conclusion

As set forth above, the Court **denies** the Defendants' motion to dismiss in its entirety. (**ECF No. 18**). The Court orders the Defendants to file their answers to the complaint on or before **April 19, 2023**.

**Done and ordered** in Miami, Florida, on April 12, 2023.

_____
Robert N. Scola, Jr.
United States District Judge